[Sac. No. 2952.   In Bank.—October 8, 1919.]

## CONTINENTAL CASUALTY COMPANY (a Corporation), Petitioner, v. A. J. PILLSBURY et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—COMPENSATION FOR DEATH OF HUSBAND — DESERTION—SEPARATE MAINTENANCE DECREE—RIGHTS NOT AFFECTED—LEGAL LIABILITY FOR SUPPORT.—Under section 14 (a) of the Workmen's Compensation Act, which provides that a wife shall be conclusively presumed to be wholly dependent for support upon her husband where he was legally liable for her support at the time of his death, a wife who was not living with her husband at the time of his death by reason of his desertion is entitled to compensation, notwithstanding she had secured a decree awarding her separate maintenance in an action brought for that purpose.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

Devlin & Devlin for Petitioner.

A. E. Graupner for Respondents.

OLNEY, J.—One Cox was killed while in the employ of the Sacramento Northern Railroad.   No question is made but that the accident resulting in his death occurred under such circumstances that his dependents, if he had any, are entitled

to compensation under the Workmen's Compensation Act. He left a wife and she petitioned the commission for such compensation, and it was awarded her as wholly dependent upon him. The insurance carrier for the employer thereupon petitioned for and secured an alternative writ from this court to review the award. The sole question is as to whether the decedent's wife was wholly dependent upon him within the meaning of the Workmen's Compensation Act.

The material provisions of the act are the following portions of section 14:

"Sec. 14. (a) The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (1) A wife upon a husband with whom she was living at the time of his death, or for whose support such husband was legally liable at the time of his death. . . . (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee."

The wife was not living with the decedent at the time of his death. In order to support the award of the commission it must therefore appear either that the decedent was legally liable for her support or that she was in fact wholly dependent upon him. The commission found in favor of the wife on both these issues. As we are of the opinion that the award must be sustained upon the first ground—that is, that her husband at the time of his death was legally liable for her support—there is no necessity for considering the second.

The facts upon the first issue are that the decedent deserted his wife in 1911, and never lived with her afterward. No proceedings for a divorce were ever brought, but in 1912 his wife filed in Iowa a suit for separate maintenance and secured a decree awarding her such maintenance in the sum of $50 a month. This decree remained in effect until the decedent's death. · Pursuant to the decree the decedent sent his wife money from time to time, the amounts averaging about $20 or $25 a month. The position of the insurance carrier is that by reason of the existence of this maintenance decree, the husband was not legally liable for his wife's support. [1] The mere statement of this position is well-nigh enough of an answer to it. It is rather difficult to see what the maintenance

decree means if it does not mean that the husband is legally liable for his wife's support.

The contention of the insurance company is that when the act speaks of the husband being legally liable for the wife's support, "the liability therein referred to must necessarily mean the common-law liability defined by sections 174 and 175 of the Civil Code, and *cannot mean liability to the wife.*" (The italics are ours.)

Section 175 has nothing to do with the case. It provides that when a wife abandons her husband, or lives apart from him by agreement, he is not liable for her support. Here the wife had not abandoned her husband, nor was she living apart from him by agreement.

Section 174 provides that if the husband neglects to make adequate provision for the support of his wife, any other person may furnish her with necessaries and recover the reasonable value thereof from the husband. The point is made that by the maintenance decree the husband was relieved from liability to third persons under this section. It is immaterial whether he was or not. The compensation provided by the act is for the benefit of the wife, not for that of her creditors, or of those who may supply her with necessities. It is true that the liability of the husband to persons supplying the wife with necessities where he neglects to provide for her is an incident of the obligation which rests upon him to support her. But it is only an incident, not the main obligation. The incident may be removed, and the main obligation remain wholly unaffected.

There are cited in petitioner's behalf authorities to the effect that when there has been a divorce *a mensa et thoro* with a decree of maintenance to the wife, the common-law obligation of the husband is supplanted by the obligation of the decree and the husband's responsibility is measured by the decree. This is true in the sense that the husband's obligation, previously indefinite as to the amount of support or the manner in which it should be provided, is by such a decree made certain by requiring that the obligation be met by paying a certain amount of money, and paying it to the wife. Thereafter the husband's obligation is measured by the decree, but the fundamental obligation continues. The decree is, in fact, a judicial determination of the fact that the obligation exists, although the parties are separated. That an action for main-

tenance is but an action to enforce the husband's duty to support his wife was decided in *Galland* v. *Galland,* 38 Cal. 265.

It follows that at the time of the decedent's death he was legally liable for the support of his wife, and the action of the commission in making its award upon that basis was correct.

The award is affirmed.

Shaw, J., Wilbur, J., Melvin, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.