NINNEMAN, by guardian *ad litem*, Appellant, vs. INDUS-TRIAL COMMISSION and another, Respondents.

*February 13—March 9, 1920.*

*Workmen's compensation: Child of divorced father contributing $10 per month not wholly dependent on father: Evidence: Judicial notice as to amount necessary to support boy: Industrial commission: Findings of fact: Costs in actions to review compensation cases.*

1. Under sub. 3 (c), sec. 2394—10, Stats., providing that a child under the age of eighteen years shall be conclusively presumed wholly dependent on the parent with whom he is living, and that in case of divorce the charging of the full support and maintenance upon one of the parents shall constitute a living with such parent, a boy whose care, custody, maintenance, and education were awarded to his mother by a divorce decree requiring the father to pay her $10 per month for his support, maintenance, and education was not wholly dependent on the father.

2. The court may take judicial notice that $10 a month will not support and educate a nine-year-old normal boy.

3. Under sec. 2394—19, Stats., the findings of the industrial commission are conclusive when supported by credible evidence.

4. Under sub. 1, sec. 2394—22, Stats., the action of the trial court in awarding costs against plaintiff in an action to set aside an award of the industrial commission cannot be disturbed, in the absence of an abuse of discretion.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commission* for $575 in favor of the plaintiff and against the *Mineral Point Zinc Company* growing out of the death of plaintiff's father while an employee of such company. The *Commission* found that plaintiff was only partially dependent upon his father for support and made the award accordingly. Plaintiff claims he was wholly dependent upon his father for support and that the award should have been more. The circuit court affirmed the award, and plaintiff appealed.

*Alfred Bushnell* of Madison, attorney, and *David Gardner, Jr.,* of Platteville, guardian *ad litem,* for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general; for the respondent *Mineral Point Zinc Company* a brief by *Kopp & Brunckhorst* of Platteville; and the cause was argued orally by *Mr. Gilman* and *Mr. A. W. Kopp.*

VINJE, J. On January 18, 1918, plaintiff's father and mother were divorced and the "care, custody, maintenance, and education" of the plaintiff, a boy about nine years old, were awarded to the mother, and the father was adjudged to pay her ten dollars per month "as and for the support, maintenance, and education" of the plaintiff. At the time of the divorce plaintiff's parents were conducting a hotel at Rewey and the mother continued to conduct it thereafter.

Plaintiff's dependence upon his father is claimed to be established by sub. 3 (c), sec. 2394—10, Stats., which provides that the following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee:

"A child or children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning), upon the parent with whom he or they are living at the time of the death of such parent, there being no sur-

viving parent. In case of divorce the charging of the full support and maintenance of a child upon one of the divorced parents shall be held to constitute a living with the parent so charged. . . ."

The circuit court's opinion upon the issue is so concise and apt that we adopt it as our own. It says:

"The single question presented is whether a divorce decree which awards 'the care, custody, maintenance, and education' of the plaintiff to the plaintiff's mother and directs that the plaintiff's father, the deceased employee, pay $10 a month to the plaintiff's mother 'as and for the support, maintenance, and education' of the plaintiff, is one that charges 'the full support and maintenance' of the plaintiff upon his deceased father, within the meaning of sub. 3 (c), sec. 2394—10, of the Statutes."

The plaintiff's mother testified that the sum of $10 paid by the plaintiff's father monthly was not enough to pay for plaintiff's board and room alone, to say nothing of other expenses incident to his support and maintenance. Under such a state of the record the *Commission* could not have found that the court granting the decree charged the deceased father with the "full support and maintenance" of the plaintiff.

The court, by awarding "the care, custody, maintenance, and education" of the plaintiff to his mother, clearly imposed upon her the duty of supplying all support and maintenance in addition to that supplied by the contribution of $10 monthly by the father.

We need only add that in this age of high cost of living we can take judicial notice of the fact that $10 per month will not support and educate a nine-year-old normal boy. The *Commission* and the trial court correctly found the facts and applied the law.

Claim is made that the award is wrong upon the *Commission's* theory of the law. This arises through an attack upon the findings of the *Commission* as to the amount contributed by the father to the son the year preceding his

death.    The *Commission's* findings are conclusive unless
unsupported by any credible evidence.    Sec. 2394—19;
*Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247,
151 N. W. 245.    Here the evidence favors the findings
made, and they must stand as verities.

There was no abuse of discretion on the part of the trial
court in awarding costs against the plaintiff, and in the
absence of an abuse of discretion this court cannot inter-
fere.    Sub. 1, sec. 2394—22.

*By the Court.*—Judgment affirmed, without costs to any
of the parties, except that plaintiff will pay the clerk's fees
in this court.