[S. F. No. 9254. In Bank.—March 20, 1920.]

ROBERT SHERER & CO. (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] PARENT AND CHILD—DIVORCE—CUSTODY OF MINOR TO MOTHER—REQUIREMENT OF SUPPORT BY FATHER—EXTENT OF LIABILITY.—The requirement in a decree of divorce awarding the custody of the minor child of the parties to the mother that the father pay a certain amount at stated intervals for its support does not relieve him from liability for the maintenance of the child and create in the place of such liability an ordinary debt or money obligation.

---

1. Liability of father for support of children after divorce decree awarding custody to mother and providing for maintenance, notes, 47 Am. St. Rep. 314; 12 Ann. Cas. 138; 2 L. R. A. (N. S.) 851.

Liability of father for support of children after divorce decree awarding custody to mother but not providing for maintenance, notes, 47 Am. St. Rep. 314; 7 Ann. Cas. 903; 14 Ann. Cas. 255; Ann. Cas. 1913C, 296; Ann. Cas. 1915D, 813; 2 L. R. A. (N. S.) 851.

[2] Divorce—Order for Support of Minor—Power of Modifica-
tion.—A court may in a decree of divorce fix a specified sum for
the support of the minor child of the parties as a matter of ad-
ministrative convenience, and may vary its amount from time to
time in the exercise of its sound discretion.

[3] Workmen's Compensation Act—Death of Father of Minor—
Legal Liability for Maintenance.—Where the father of a minor,
whose custody was awarded to the mother in a decree of divorce
and who was by the decree required to pay a monthly sum for the
child's support, was killed in an industrial accident, it was com-
petent for the Industrial Accident Commission to determine as a
matter of fact that the father was liable for the maintenance of
the child where it found upon competent evidence that the sum
which he was ordered to pay was fully sufficient for its entire
support.

PROCEEDINGS on Certiorari to annul an award of the
Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

Griffith R. Williams and Redman & Alexander for
Petitioners.

A. E. Graupner for Respondents.

LENNON, J.—*Certiorari* to review the action of the In-
dustrial Accident Commission in awarding death benefits to
Ruth Iris Haskell, the minor daughter of William A.
Haskell, who was killed in an industrial accident. The
issue presented is whether or not the commission was justi-
fied in finding that the applicant was wholly dependent for
support upon the deceased employee.

It appears that the mother of the applicant, who appears
as the guardian *ad litem* herein, obtained a decree of divorce
in an action against Haskell. By this decree the mother
was awarded the custody of the child, Haskell being or-
dered, however, to pay $20 a month for its support. The
mother remarried, but the order requiring Haskell to pay

2.   Right to modify allowance for maintenance of child awarded
by decree of absolute divorce in absence of reservation by decree
or statute, note, L. R. A. 1917F, 731.

3.   Effect of divorce on right of spouse or child to compensation
under Workmen's Compensation Act, note, 8 A. L. R. 1113.

$20 a month for the support of the child was in force at the time of his death. It is conceded that under section 14 (a) (2) of the Workmen's Compensation Act (Stats. 1917, p. 844), the applicant is to be presumed wholly dependent for support upon the deceased if, under the facts stated, he was legally liable for her maintenance.

[1] Petitioner contends, in effect, that where the court merely requires the payment by the father of a certain specified sum at stated intervals it does to all intents and purposes relieve the father from liability for the maintenance of the child, creating in the place of such liability an ordinary debt or money obligation. A similar contention was made on behalf of defendant in the case of *People* v. *Schlott*, 162 Cal. 347, [122 Pac. 846], and was held to be without merit.

But it is insisted that even if Haskell's obligation to support the applicant did continue after the divorce, it was an obligation which could be fulfilled by paying $20 a month, and that, inasmuch as the mother would be under a duty to contribute any additional sum needful to make suitable provision for the child, it necessarily followed that the girl was only partially dependent on the deceased. With this contention as a basis it is argued that the deceased was not legally liable for the maintenance of the child within the meaning of section 14 (a) (2) of the statute. We do not undertake to decide whether or not the deceased would have been legally liable for the maintenance of the child within the meaning of the statute had the sum which he was required to pay been unquestionably insufficient for the entire support of the child. [2] However that may be, it is certain that the court may fix a specified sum for the support of the child as a matter of administrative convenience and may vary its amount from time to time in the exercise of its sound discretion. (*Harlan* v. *Harlan*, 154 Cal. 341, 346, [98 Pac. 32]; *Lewis* v. *Lewis*, 174 Cal. 336, 338, [163 Pac. 42].) [3] This being so, it is, we think, in any case competent for the commission to determine as a matter of fact that the father was liable for the maintenance of the child where it finds upon competent evidence that the sum which he was ordered to pay was fully sufficient for its entire support.

In the instant case the commission found "That the said monthly sum of twenty dollars ($20) was fully sufficient for the entire support of said minor child in the custody and care of the mother." It follows that the commission was justified in finding that the child was wholly dependent upon the deceased.

The award is affirmed.

Wilbur, J., Angellotti, C. J., Lawlor, J., Kerrigan, J., *pro tem.*, and Olney, J., concurred.

SHAW, J., Dissenting.—I cannot agree with the conclusion of Justice Lennon.

A divorced man was by the decree of divorce required to pay $20 a month for the support of his minor child, whose custody was awarded to its mother.

A person employed this man and while he was so employed he was killed by accident arising out of, and in the course of, the employment.

Thereupon the Industrial Accident Commission, although this man was liable for only $20 a month during the child's minority, a period of ten years only, amounting at most to only two thousand four hundred dollars, made an order compelling the employer of the man to pay for the benefit of the child $4,175 to be invested, held in trust and paid to the child in installments of $25 a month, and continuing, if paid out of principal alone, until the child is twenty-two years old and as much longer as the accruing interest will carry it. It does not seem reasonable to conclude that the act was intended to produce a result so absurd and unjust. Its terms should receive a strict construction, if necessary, to avoid such injustice.

The father was legally liable for only $20 a month for the child's support. It was not a full liability. It was limited to that sum. The child was not one "for whose maintenance such parent was legally liable," within the meaning of section 14 (a) (2) of the Workmen's Compensation Act (Stats. 1917, p. 844). The quoted language obviously refers exclusively and only to a complete liability, a liability for the expenses or cost of all necessaries required for the support of the child, a parent who could be made to pay for such necessaries, if furnished by a third person,

whatever their reasonable cost, not a parent who could not be made to pay beyond a limited sum, nor one who could not be made to pay at all to any person except the mother.

In *Continental Casualty Co.* v. *Pillsbury,* 181 Cal. 389, 8 A. L. R. 1110, 184 Pac. 658, the husband was declared to be "legally liable" for the support of the wife, although they were living apart and she had secured judgment against him for her maintenance. Some language in that opinion may seem inconsistent with the foregoing when considered without reference to the context. But the real point there decided is that the primary obligation of the husband for the wife's support remains, notwithstanding the maintenance decree. In this case the father is not "legally liable" when deprived of the custody of his child, except as provided in the decree of divorce. The two cases are unlike in fact and in law and that case is not inconsistent with my position in this case.

For these reasons I am of the opinion that such a child is not conclusively presumed to be "wholly dependent" for support upon the parent who is not legally liable for its entire maintenance, if need be, and that the award is not warranted by the law.

Rehearing denied.

Lawlor, J., Wilbur, J., Lennon, J., Olney, J., and Kerrigan, J., *pro tem.,* concurred.