ROHAN MOTOR COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*October 23—November 17, 1925.*

*Workmen's compensation: Minor child as sole dependent of divorced parent: Findings of industrial commission: Weight: On questions of law.*

1. Generally, a problem involving undisputed facts, the language of a divorce judgment, and the language of the statute presents a question of law within the sole province of the court, rather than a question of fact for a jury or some officer or tribunal as a trier of facts.  p. 226.

2. Whether a minor child of a deceased employee from whom the mother had been divorced was wholly dependent on decedent for support at the time of his death within the meaning of the workmen's compensation act presents a question of law; and a finding of the industrial commission on undisputed evidence is not conclusive, as a construction of the statute and of the provisions of the divorce judgment as to the support of the child is required.  p. 227.

3. The divorce decree in this case is *held* not to charge the husband with the full support of the minor child within the meaning of the compensation act, so as to entitle the child to compensation as a sole dependent of the father at the time of the death of the latter; and an order of the trial court reducing the award is affirmed.  p. 228.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Affirmed.*

May 16, 1923, one Frank Cole, while in the employ of the plaintiff *Rohan Motor Company,* met his death by an industrial accident. ˙Cole and the applicant here, Anna Cole, married October 7, 1911.    October 26, 1912, a son, Harold, was born.    On May 27, 1920, in the municipal court of Racine county, the Coles were divorced.    By the judgment disposition was made of certain personal and real property as a full, complete, and final division of the property of the parties and in lieu of all alimony, and it expressly provided that the wife receive no alimony. .

It provided that the plaintiff wife was awarded the care, custody, and control of the minor child, Harold, with the right of the father to see and visit the child at reasonable and proper times; it also provided "that the defendant shall pay to the plaintiff the sum of $6 per week for the support of the said minor child."

From the undisputed testimony taken at the hearing before the *Industrial Commission* it appeared that Mrs. Cole, after the divorce, earned $15 to $16 a week; she and the child, Harold, lived with Mrs. Cole's mother, and Mrs. Cole paid to her mother $7 per week for her board, room, and washing, and at first $3 per week and during the last three years $4 per week for such for the boy, Harold.    The husband did not comply in full or regularly with the provision for the payment of $6 per week under the divorce decree, but during the year preceding his death contributed in cash $175 and with articles purchased for the boy a total of $251.15 for his support.    Mrs. Cole spent a few dollars of her own money for the boy's clothing and medicine during that year.    She testified that the amount of $6 per week was sufficient for the support and maintenance of the boy.

The *Industrial Commission* determined that an award should be made on the basis of a complete dependency of

said minor, Harold, upon the father, and' required the payment to the *Manufacturers National Bank of Racine,* which had been appointed guardian, the sum of $4,875.45 in addition to the burial expenses.  An action was brought to review said determination before the circuit court for Dane county, and the award was modified by substituting, on the theory that it was a case of partial dependency, $1,002.66 for the sum allowed by the *Commission.*

From such judgment as modifying the award the *Industrial Commission* and the guardian have appealed.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan* and *Suel O. Arnold,* assistant attorneys general, and oral argument by *Mr. Arnold.*

For the respondents there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt, Jr.,* all of Wausau.

ESCHWEILER, J.  By sub. (3), sec. 102.11, of the workmen's compensation act, it is provided that among those conclusively presumed to be solely and wholly dependent for support upon a deceased employee shall be: A child under the age of eighteen years . . . upon the parent with whom such child is living at the time of the death of such parent, there being no surviving dependent parent; and in case of divorce, *"the charging of the full support and maintenance of a child upon one of the divorced parents shall be held to constitute a living with the parent so charged."*

The statute further provides that in all other cases the question of entire or partial dependency shall be determined in accordance with the fact as it may be at the time of the accident to the employee.

The only question here between the parties is whether the circuit court was right in determining that the situation presented one of partial dependency of the child, Harold,

upon the father at the time of the death, or the *Industrial Commission* was right in holding that it presented one of entire dependency.

The appellants contend that there was here a question of fact and the determination of the *Commission* was conclusive, the respondents that it presented a question of law upon which the court below and this court may properly arrive at a different result.

There was presented here for solution a problem with three elements, viz.: undisputed facts; the language of a divorce judgment; the language of the statute. Generally such a problem presents a question of law within the sole province of the court to determine, rather than a question of fact which may be left to the determination of a jury or some officer or tribunal as a trier of facts. As stated in 1 Jones on Evidence (3d ed.) § 175*a:* "It is firmly established and universally recognized that the judge is to construe and interpret the contracts and other written instruments of every description that are offered in evidence. Their construction and interpretation are governed by the established rules of law." 5 Wigmore, Evidence (2d ed.) § 2556, says: "The construction of all written instruments belongs to the court."

Were the same situation presented in a trial in the circuit court before a jury, evidently there would be no question for the jury and the determination would be for the court alone.

A question of considerable difficulty, however, has been raised under the broad effect given by the workmen's compensation act to the findings of fact by the *Industrial Commission,* sec. 2394—19 (now sec. 102.23) providing: "The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive."

Under this statute, where, as here, there was no dispute in the evidence, it has been held that where different conclusions could be reasonably drawn from such evidence, the

one reached by the *Commission* is conclusive. Among the recent cases so holding are the following: *Lewis v. Industrial Comm.* 178 Wis. 449, 190 N. W. 101, where the death of a coal-heaver from heat was·held not to be within the hazard of his employment, citing many cases. Page 452. Each of the opinions in that case, that of the court by Mr. Chief Justice VINJE, and that of the dissenting members by Mr. Justice DOERFLER, cites as a proper declaration of the law the language of Mr. Justice JONES, speaking for the undivided court, in *Radtke Bros. & Korsch Co. v. Rutzinski,* 174 Wis. 212, 219, 183 N. W. 168, to the effect that where only one inference can be reasonably drawn from undisputed facts a question of law arises upon the statute and the *Commission's* decision is not conclusive or binding.

Again, in *Carey v. Industrial Comm.* 181 Wis. 253, 194 N. W. 339, a case involving the death of a teamster killed by the collapse of a barn during a storm, the *Commission* held that it was a hazard common to all and not within the act. This court upheld such finding as being based upon an inference that might be drawn from undisputed facts and that it was a conclusive finding of fact and not a conclusion of law. In *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452, the difficulty is again pointed out, and it was there held that the fixing of the status of one claiming to be an employee is a conclusion of law, and the finding of the *Commission* there that claimant was an employee was reversed. Substantially the same question was presented and the same result reached in *Wonewoc v. Industrial Comm.* 178 Wis. 656, 190 N. W. 469, and again in *Pruno v. Industrial Comm.* 187 Wis. 358, 203 N. W. 330, 204 N. W. 576.

We think that under these decisions the question here, requiring as it does a construction to be given to the provisions of the divorce judgment, offered in evidence by the claimant, in connection with the language of the statute, makes a result reached ·from the consideration of the language of the

two a conclusion of law as distinguished from a conclusion of fact. Viewing it as such, we are satisfied that the circuit court was right in holding that the language of the divorce decree did not place the full support for the care and maintenance of the son upon the father so as to make it meet the conditions of the statute as to complete dependency, and that the situation is substantially the same as in the case of *Ninneman v. Industrial Comm.* 171 Wis. 190, 176 N. W. 909, involving a similar provision in a divorce decree.

Cases from California (*Federal Mut. L. Ins. Co. v. Industrial Acc. Comm.* (Cal.) 233 Pac. 335, and *Robert Sherer & Co. v. Industrial Acc. Comm.* 182 Cal. 488, 188 Pac. 798) are called to our attention by appellant, but in view of the material difference between the two statutes and our own decisions upon the question we do not care to adopt the views there held.

*By the Court.*—Judgment affirmed.