## Clover Fork Coal Co. v. Brown.

(Decided Nov. 9, 1938.)

HIRAM H. OWENS for appellant.

HUBERT MERTDITH, Attorney General, and FORESTER, SHEHAN & BELL and RAY O. SHEHAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Robert L. Brown, an employee of the Clover Fork Coal Company, died November 30, 1934, from injuries received in an accident which arose out of and in the course of his employment. Several months before his death, his wife, Allie V. Brown, brought an action for divorce against him in the Harlan circuit court, and a judgment was rendered August 21, 1934, granting her an absolute divorce. The following stipulation appears in the record:

"It is hereby stipulated that the divorce was duly granted in the Harlan Circuit Court on August 21, 1934, and restored each party to all rights and

privileges of single and unmarried persons, and without any sum adjudged to the Plaintiff herein as alimony."

On June 2, 1934, while the divorce action was pending, Allie V. Brown and Robert L. Brown executed a written contract settling their property rights and all claims for alimony. The contract provided that Robert L. Brown should pay to Allie V. Brown "the sum of $10.00 per month support on the 10th of each and every month thereafter, beginning June 10th, 1934," and also $50 in cash upon the execution of the contract. Robert L. Brown agreed to pay his wife's medical bills thereafter, and she was given all household and kitchen furniture then owned by them jointly. The contract contained this clause:

"The first party hereby agrees to accept said settlement as above set out in lieu of any and all further claims for alimony or support which she now has or may have against second party."

He owned a house in Harlan county which they had occupied as a home. This property was not mentioned in the contract, but it appears that he conveyed it to his wife. Robert L. Brown complied with the terms of the contract until his death. After his death, Allie V. Brown filed a claim for compensation with the Workmen's Compensation Board, and the board found that she was a dependent within the meaning of the Workmen's Compensation Act, Kentucky Statutes, section 4880 et seq., and awarded her compensation at the rate of $3 a week for 335 weeks, and also allowed her the statutory sum of $75 for burial expenses.

The following appears in the board's finding of facts:

"At the time of said death of the plaintiff's late husband the marital relationship between them had been dissolved by decree of a court of competent jurisdiction (through no fault of plaintiff) except that part of said relationship that obligated said husband to support and maintain his wife; and that said husband not only had not sought to relieve himself of that part of his marital obligation, but instead, had ratified and confirmed same by written contract as binding upon him as if the other parts of their marital relationship had not been dissolved,

and by meeting the provisions of that contract; that at the time of his death and prior thereto his average weekly wage was $20.00; that at the time of decedent's death he was contributing to plaintiff in cash and supplies, an amount equal to one-fourth of his total earnings."

The employer filed a petition for review in the Harlan circuit court, and the award of the board was affirmed. The Clover Fork Coal Company has appealed.

Was the appellee a compensable dependent of her former husband at the time of his death? That is the sole question presented by the record before us. The facts being undisputed, the issue becomes one of law. The Workmen's Compensation Board, under the heading "Rulings of Law," said:

"A husband's Common Law obligation for the support and maintenance of his wife may be supplanted by a decree of a Court of competent jurisdiction providing for such support and maintenance under which the fundamental obligation will continue."

In support of this ruling, the board cited Jones v. Louisville Gas & Electric Oompany, 209 Ky. 642, 273 S. W. 494; Continental Casualty Company v. A. J. Pillsbury et al., 181 Cal. 389, 184 P. 658, 8 A. L. R. 1110; London Guarantee & Accident Company v. Industrial Accident Commission, 181 Cal. 460, 184 P. 864; Perry v. Industrial Accident Commission, 176 Cal. 706, 169 P. 353, and these cases are relied upon by the appellee on this appeal. In Jones v. Louisville Gas & Electric Company, the domestic case cited, it was merely held that the wife had not voluntarily abandoned her husband at the time of the accident. She had not obtained a divorce, which distinguishes it from the present case. Furthermore, the reasoning of the court in that case is opposed to the contention of appellee. In the course of the opinion it was said [page 495]:

"She had voluntarily accepted from him alimony and compensation for all claim which she had against him or his estate; but she had done this under necessity because he refused to live with her, and had forced her to live apart from him. She did not believe in divorce; she believed it was her duty to reclaim her husband if she could. The com-

pensation act was drawn to protect this class of persons. It is in accord with modern legislation which is aimed to preserve marriage rights and to dignify the marital relation. It is a sound public policy, and under all the facts a judgment should have been entered in favor of the wife.''

In Continental Casualty Company v. Pillsbury, the decedent deserted his wife several years before his death. No proceedings for a divorce were ever brought, but his wife filed a suit for separate maintenance and secured a decree awarding her such maintenance in the sum of $50 per month. Pursuant to the decree, the husband sent his wife money from time to time. At the time of the husband's death she was still his wife, and he was legally liable for her support. The facts in the Pillsbury Case distinguish it from the case before us. In London Guarantee & Accident Company v. Industrial Accident Commission it was held that the wife was not entitled to any award of compensation under section 14 of the California Workmen's Compensation Act, St. Cal. 1917, p. 844, since, at the time the husband was injured, she had obtained an interlocutory decree of divorce which made no provision for alimony or maintenance, and the decree had become final in the sense that no appeal could be taken therefrom. In Perry v. Industrial Accident Commission there was proof that the deceased workman's wife had received nothing from him in years, and that a few weeks before his death she had obtained an interlocutory decree of divorce from him without any award of alimony. It was held that she was not dependent within the meaning of the act. It is argued, however, that the logical inference from the opinions in the Perry and London Guarantee & Accident Company Cases is that the plaintiff in each case would have been entitled to compensation if the decree of divorce had awarded alimony. Be that as it may, the act construed in those cases by the Supreme Court of California differs materially from our act in its definition of dependency.

Section 14 of the California Workmen's Compensation Act, St. Cal. 1917, p. 844, provides in part:

''The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (1) A wife upon a husband with whom

she was living at the time of his death, or for whose support such husband was legally liable at the time of his death. * * * (b) In all other cases, questions of entire or partial dependency and questions as to who constitute dependents and the extent of their dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury of the employee.''

The pertinent provisions of our act read:

''The following persons shall be presumed to be wholly dependent upon a deceased employee: (a) A wife upon a husband whom she had not voluntarily abandoned at the time of the accident. * * * In all other cases the relation of dependency in whole or in part shall be determined in accordance with the facts of each case existing at the time of the accident, but no person shall be considered a dependent in any degree unless he be living in the household of the employee at the time of the accident, or unless such person bears to the employee the relation of father, mother, husband or wife, father-in-law or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.'' Kentucky Statutes, section 4894(a).

The appellee was not the deceased workman's wife at the time he was injured, and she was not living in his household. It must not be overlooked that the right of compensation does not exist except in the instances and under the circumstances provided in the act. Section 4894 of the Kentucky Statutes divides dependents into two classes: (1) Those conclusively presumed to be wholly dependent upon a deceased employee, including a wife upon a husband whom she had not voluntarily abandoned at the time of the accident; and (2) those whose dependency shall be determined in accordance with the facts of each case existing at the time of the accident. To constitute one a member of the second class of dependents, the person claiming dependency must be living in the household of the employee at the time of the accident unless such person bears to the employee the relation of ''father, mother, husband or wife, father-in-law or mother-in-law, grandfather or grandmother, child or grandchild, or brother or sister of the whole or half blood.'' The appellee falls in

neither class. She was not the deceased employee's wife at the time of the accident, nor was she living in his household nor did she bear to him any of the relations enumerated in the statute. We are not unmindful of the rule adopted by this court that the Workmen's Compensation Act should be construed liberally in order to carry out its manifest purpose, but its plain and unequivocal terms cannot be extended by judicial construction beyond their reasonable import. Notwithstanding the apparent hardship of the case viewed from the appellee's standpoint, the court is, nevertheless, without authority to give any effect to such a consideration. Our duty is to declare the law as we find it, and apply it to the facts of the case. The monthly payments stipulated in the contract between the appellee and her husband ceased upon the death of either of the contracting parties but, even if it be conceded that she was receiving support and maintenance from the deceased employee at the time of the accident and to that extent was dependent upon him, the relation of husband and wife had ceased to exist, and she was not a dependent entitled to compensation within the meaning of section 4894 of our Statutes.

We conclude that the Workmen's Compensation Board erred in awarding appellee compensation and the judgment is reversed for proceedings consistent herewith.